UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE UNITED STATES POSTAL SERVICE PRIVACY ACT LITIGATION | CASE NO. MD08-1937JLR<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the court on the United States Postal Service's ("Postal Service") motion to dismiss (Dkt. # 39) pursuant to Federal Rule of Civil Procedure 12(b), subsections (1) and (6). The court has reviewed the materials filed in support and in opposition of the motion, heard the argument of counsel, and for the following reasons GRANTS in part and DENIES in part the motion.

## I. BACKGROUND

This is a putative nationwide class action involving almost 800,000 Postal Service employees. Plaintiffs claim that the Postal Service violated the Privacy Act by improperly disclosing the names and addresses of its employees to market co-branded products to them at their home addresses. They also argue that the Postal Service was unjustly enriched, and seek disgorgement of more than $8.5 million in profit, as well as statutory damages under the Privacy Act. The Postal Service admits that it engaged in

ORDER – 1

direct marketing of co-branded products and services to its employees. The Postal Service contends, however, that the co-branding does not violate the Privacy Act and its actions are not unjust.

In their consolidated complaint, Plaintiffs assert that the Postal Service, which is the second-largest employer in the United States, violated the Privacy Act by selling its employee master file, containing personal, private employee information, including "the complete home address database of all career and non-career, full and part-time employees." (Consol. Compl. (Dkt. # 35) ¶ 8.) According to Plaintiffs, the Postal Service's disclosure of information is evidenced by the Postal Service's "Strategic Business Initiatives Plan, Management Instruction - AS-333-2004-7," a postal regulation that allows private businesses to access and utilize for profit the Postal Service's employee master file. (*Id.*) Indeed, Plaintiffs allege that the Postal Service permits private corporations to submit competitive bids for co-branding and other types of marketing agreements using the employee master file. (*Id.* at ¶ 9.) Plaintiffs complain that all of this is done without the Postal Service employee's approval, consent, or knowledge. (*Id.* at ¶ 52.) And, while the Postal Service receives an economic benefit from selling this information, the employees do not receive any compensation or other form of remuneration. (*Id.*)

Plaintiffs assert two causes of action: violations of the Privacy Act and unjust enrichment. Of significant import to this motion, Plaintiffs request the following remedies:

> (1) declaratory and injunctive relief pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A);
>
> (2) recovery of the amounts by which the Postal Service has been unjustly enriched; and

ORDER – 2

(3) costs and reasonable attorney's fees under the Privacy Act, 5 U.S.C. 552a(g)(4)(B) and the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d).

(Consol. Compl. at ¶ 22). Absent from their prayer for relief is compensation for any actual damages suffered by Plaintiffs. (*Id.*) Also, although Plaintiffs request APA relief, they did not, and cannot, bring an APA claim against the Postal Service. (*Id.*)

The Postal Service moves to dismiss the consolidated complaint on two grounds. First, the Postal Service contends that, even if Plaintiffs could plead a viable Privacy Act claim, they have not alleged that they suffered any "actual damages" as a result of the alleged violation. Second, with respect to the unjust enrichment claim, the Postal Service first contends in its opening brief that it is not subject to suit for an unjust enrichment claim because it has not waived its sovereign immunity. (Mot. (Dkt. # 39) at 10.) The Postal Service subsequently conceded, however, that Congress had waived its sovereign immunity when it enacted the Postal Reorganization Act ("PRA"). (*See* Tr. (Dkt. # 51) at 11.) The Postal Service now claims that Plaintiffs' unjust enrichment claim should be dismissed because it is an attempt to usurp the statutory framework of the Privacy Act and is therefore not a proper application of the federal common law. (Reply (Dkt. # 45) at 11.)

## II. ANALYSIS

The Postal Service brings this motion pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim pursuant to the Federal Rules of Civil Procedure. A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the

ORDER – 3

Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D.Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the plaintiff bears the ultimate burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). The court's review of the record on a Rule 12(b)(6) motion is generally limited to the complaint itself. *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). The court may, however, rely on facts subject to judicial notice. *States v. Ritchies,* 342 F.3d 903, 908 (9th Cir. 2003). For instance, the court may consider a plaintiff's clarifications in their briefing and at oral argument. *Pegram v. Herdich,* 530 U.S. 211, 230 n.10 (2000) (citing *Alicke v. MCI Commc'ns Corp.*, 111 F.3d 909, 911 (D.C. Cir. 1997) (citations omitted), in which the court relied on statements in oral argument to clarify complaint).

ORDER – 4

A court can dismiss an action under Rule 12(b)(6) where the plaintiff fails to allege either a cognizable legal theory or sufficient facts in support of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds entitling him to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, __ U.S. __,127 S. Ct. 1955, 1964-65 (2007) (citations omitted). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* Specific facts are not necessary. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (citations omitted). The complaint need only advise the defendant of what the claim is and the grounds upon which it rests. *Id.* (applying *Twombly* to a complaint alleging a civil rights violation pursuant to 42 U.S.C. § 1981).

**A.   Subject Matter Jurisdiction**

The court first determines whether it has subject matter jurisdiction over this lawsuit. As stated above, the Postal Service took the position in its motion to dismiss that this court did not have subject matter jurisdiction over the unjust enrichment claim because the Postal Service had not waived its sovereign immunity. (Mot. at 10.) In its reply brief, however, the Postal Service changed its argument on the unjust enrichment claim. In its reply, the Postal Service contends that Plaintiffs fail to state a claim because they seek to obtain additional remedies that go beyond the remedies granted to plaintiffs by the Privacy Act. (Reply at 11.) Subsequently, at oral argument on the Postal Service's motion, it conceded that the court had jurisdiction over the unjust enrichment claim. (Tr. at 11.) The court agrees that Congress waived the Postal Service's sovereign immunity in

ORDER – 5

the PRA.[1]  With respect to the argument raised by the Postal Service in its reply memorandum, it is well established in this circuit that courts will not consider new arguments raised for the first time in a reply brief. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004).  The court therefore finds that it has subject matter jurisdiction over the unjust enrichment claim and declines to consider the Postal Service's alternative argument.  The court is persuaded that Plaintiffs did not have a fair opportunity to address the Postal Service's latter argument in their briefing or at oral argument.

       The Postal Service also moves to dismiss Plaintiffs' APA claim on the basis that this court lacks subject matter jurisdiction over this claim.  The court agrees that the APA does not apply to the Postal Service.  There is no ambiguity in the text of 39 U.S.C. § 410(a), which provides that the judicial review provisions of the APA do not apply to the exercise of the powers of the Postal Service.  The Ninth Circuit has also held that the APA does not apply to the Postal Service. *See Currier v. Potter*, 379 F.3d 716, 725 (9th Cir. 2003).  Even though the APA, 5 U.S.C. § 706, generally subjects agency actions to judicial review, the PRA specifically exempts the Postal Service from such review.  Under the PRA, "no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5 [i.e., the APA administrative procedures and judicial review provisions], shall apply to the exercise of the powers of the Postal Service."  39 U.S.C. § 410(a)); *see also*

---

[1] The PRA was enacted in 1970 and established the Postal Service as a quasi-public entity that was to compete on essentially level ground with private enterprise.  To that end, section 401(1) provides that the Postal Service can "sue and be sued," generally waiving the immunity from suit it would otherwise have as a public entity.  39 U.S.C. § 401(1); *see also Loeffler v. Frank*, 486 U.S. 549, 556 (1988) ("By launching 'the Postal Service into the commercial world' and including a sue-and-be-sued clause in its charter, Congress has cast off the Service's 'cloak of sovereignty' and given it the 'status of a private commercial enterprise.'").

ORDER – 6

*Air Courier Conf. of Am. v. Am. Postal Workers Union, AFL-CIO*, 498 U.S. 517, 921 (1991) (J. Stevens, J. Marshall, and J. Blackmun concurring).

Plaintiffs contend, however, that they are not asserting an APA claim against the Postal Service, only borrowing the APA's statutory remedies. As discussed below, however, the court finds that the Privacy Act does not contemplate nor permit the "borrowing" of remedies from the APA. The court denies the Postal Service's argument that this court lacks subject matter jurisdiction over Plaintiffs' unjust enrichment claim. The court also determines that the APA does not apply to the Postal Service.

**B.     Actual Damages From the Postal Service's Disclosure of Personal Information**

To recover for actual damages under the "wrongful disclosure" provisions of the Privacy Act, Plaintiffs must ultimately establish (1) that the disclosed information was contained in a system of records; (2) that the Postal Service disclosed the information improperly; (3) that the disclosure resulted in an adverse effect on Plaintiffs; and (4) that the disclosures were willful and intentional. *Doe v. Chao*, 540 U.S. 614, 622-23 (2004); *Quinn v. Stone*, 978 F.2d 126, 121 (3d Cir. 1992); *Stafford v. SSA*, 437 F. Supp. 2d 1113, 1117-1118 (N.D. Cal. 2006); *Fort Hall Landowners Alliance, Inc.v. Bureau of Indian Affairs*, 407 F. Supp. 2d 1220, 1223 (D. Idaho 2006). Assuming Plaintiffs could meet all the elements of a Privacy Act claim, they do not allege any damage other than for what they consider to be a misappropriation of their right to sell their own personal information.

Plaintiffs do not allege any out-of-pocket, pecuniary, or even emotional damages. They claim that the Postal Service's gain constitutes their "actual damages." Plaintiffs appear to request a form of restitution that is not actual damages but equitable relief. Plaintiffs state that their "actual damages" are equal to, and measured by the amount of the Postal Service's profit. This, however, is a claim for a money award of restitution, an

ORDER – 7

equitable remedy for obtaining unjust profits. It is not a claim for damages. "Damages begins with the aim of compensation for plaintiff. Restitution, in contrast, begins with the aim of preventing unjust enrichment of the defendant." Dobbs, Law of Remedies, Second Ed., § 3.1.

At oral argument, Plaintiffs' counsel argued that the remedy Plaintiffs seek is not restitution. (Tr. at 30.) Rather, Plaintiffs seek the value of their name and addresses; the remuneration paid to the Postal Service was just one way to value this personal information. (*Id.*) The theory appears to be that each Postal Service employee should have received compensation for the value of their personal address.[2] This theory, according to Plaintiffs' counsel, is akin to the tort of misappropriation. (*Id.* at 15 (arguing that "the use of [the employee's address], as the Postal Service is using it, which is basically to take the property right that any one of us would have in our name and address, and that these employees have in their names and addresses, to appropriate that property right that is inherent and to sell it to some third party").) Yet, Plaintiffs concede that they are not asserting the tort itself only borrowing its remedies.

Plaintiffs quote the discussion of the nature of restitution purportedly found at "section 4.11, at page 369" of Dobbs, Law of Remedies, Second Ed. (Tr. at 31.) Section 4.11 does not exist and page 369 is a discussion of the payment date rule. The discussion of restitution found in Chapter 4 of Dobbs does not support Plaintiffs' theory. According

---

[2] Plaintiffs explain that their "actual damages," as a result of the Postal Service's conduct, is equal to the money paid to the Postal Service by the credit-card companies, cell-phone companies, and any others who have paid the Postal Service for the disclosure and use of its employee master list. "The money, reflective of the value of those employees' names and personal addresses, belongs to the employees, not their employer, and [cannot be disclosed] without 'prior written consent' as the [Privacy Act] requires." (Consol. Compl. ¶ 58.) The court questions whether there is value in one personal address or whether the only inherent value is in the compilation of personal addresses. Nevertheless, the court need not resolve this issue given its dismissal of Plaintiffs' Privacy Act claim.

ORDER – 8

to Dobbs, "[r]estitution measures the remedy by the defendant's gain and seeks to enforce disgorgement of that gain. It differs in its goal or principle from damages, which measures the remedy by the plaintiff's loss and seeks to provide compensation for that loss." Dobbs, § 4.1(1). Thus, Dobbs' discussion of the difference between actual damages and restitution contradicts Plaintiffs' theory. That is, Plaintiffs' measurement of damages as equal to the amount of the Postal Service's gain fits squarely in the definition of restitution. While Dobbs suggest that, in some cases, a plaintiff may be able to claim either restitution or damages, whichever is more advantageous, he does not suggest that restitution may be used to supplant the statutory requirement for actual damages.

Whether we call Plaintiffs' theory of damages a claim for restitution or actual damages, the central question before the court is whether the Privacy Act contemplates damages of this nature. The Postal Service correctly notes that if Congress wanted to include damages of the sort proposed by Plaintiffs, it could have added that phrase to the Privacy Act. Instead, the Privacy Act provides for compensation of only "actual damages." 5 U.S.C. § 552a(g)(4)(A). Moreover, the question of whether to include more extensive types of damages was discussed prior to the Privacy Act's enactment and was rejected. In *Doe v. Chao*, the Supreme Court addressed a very similar issue. In that case, the plaintiff's social security number was disclosed by the Department of Labor but he could not show that he suffered in any meaningful way. 540 U.S. at 616. In denying the plaintiff's claim for statutory damages, the Supreme Court explained the history and purpose of the Privacy Act:

> An uncodified section of the Act established a Privacy Protection Study Commission, which was charged, among its other jobs, to consider "whether the Federal Government should be liable for general damages incurred by an individual as the result of a willful or intentional violation of the provisions of sections 552a(g)(1)(C) or (D) of title 5." 88 Stat. 1907. Congress left the question of general damages, that is, for another day. Because presumed damages are therefore clearly unavailable, we have no business treating just any adversely affected victim of an

ORDER – 9

>intentional or willful violation as entitled to recovery, without something more.

540 U.S. at 620.

This case is different from *Doe* in that the Postal Service sold Plaintiffs' personal information and therefore gained a financial benefit from the alleged unlawful disclosure. Even given the commercial nature of the Postal Services alleged violation, the Supreme Court was clear in its holding that the guarantees of the Privacy Act only flow toward those who suffer actual damages. In adopting the Privacy Act, Congress had to balance its goal of protecting the right of privacy with its concern regarding the potential drain on the public fisc. *See e.g.*, 120 Cong. Rec. at 36,659 (Rep. McCloskey: "we are trying to balance two great interests here. We are trying to balance the necessity of balancing the budget, and we are trying to protect the Government from undue liability.").

Here, the Privacy Act does not support forcing the Postal Service to disgorge millions of dollars in contract fees with co-branding companies when the individuals affected by the violation cannot show that they were damaged in any way. After all, "tort recovery requires not only a wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed." *Doe*, 540 U.S. at 621. Accordingly, the court dismiss Plaintiffs' claim for a violation of the Privacy Act because Plaintiffs fail to allege any actual damages as a result of the Postal Service's alleged violation of the act.

**C.    Use of the APA to Enjoin the Postal Service**

As explained above, Plaintiffs have not alleged a cause of action under the APA, but instead simply pray for equitable relief under § 704 of the APA for violations of the Privacy Act ("[a]gency action made reviewable by statute"). The Privacy Act does not provide for injunctive or other forms of equitable relief. Plaintiffs contend that the court has the authority to issue an injunction under the APA which provides authority for

ORDER – 10

injunctive relief to halt agency action that is "not in accordance with the law." 5 U.S.C. § 706(2)(A).

The APA, however, cannot be used to confer authority to grant relief if "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Here, the Privacy Act implicitly forbids the type of equitable relief Plaintiffs seek. 5 U.S.C. § 552a(g)(4)(A). Indeed, even Plaintiffs concede that the Ninth Circuit has held that the Privacy Act prohibits injunctive relief for their claims. (Resp. at 12 n.6.) The court therefore concludes that the Plaintiffs cannot use the equitable remedies available under the APA to expand the remedies currently prohibited by the Privacy Act.

**D.     Unjust Enrichment Claim**

Finally, Plaintiffs claim that the Postal Service's financial gain from selling the employee master file amounts to a claim for unjust enrichment under federal common law. Specifically, in their consolidated complaint, Plaintiffs contend that the Postal Service "received monies from private corporations who entered into co-branding or other marketing agreements with them, in exchange for the unlawful use of its employees' personal, private information." (Consol. Compl. ¶ 83.) And, that it would be "inequitable for the [Postal Service] to retain these ill-gotten financial gains without paying the value of said gains to the Plaintiffs and the Class." (*Id.* at ¶ 85.)

As discussed above, the Postal Service moved to dismiss this claim on two theories. First, that the Postal Service is immune from suit; and second, that the remedies found in the Privacy Act preclude an unjust enrichment claim. The court previously rejected both of these arguments. Thus, Plaintiffs' claim for unjust enrichment shall proceed.

ORDER – 11

The court notes, however, that neither the Plaintiffs who brought this claim, nor the Postal Service that moved to dismiss it, could identify the elements of a federal common law claim for unjust enrichment.  Plaintiffs rely on a Second Circuit case from 1946 applying New York law of unjust enrichment as authority for the proposition that the case before the court is a "textbook case of unjust enrichment." (Resp. at 21 (Dkt. # 44) citing *Matarese v. Moore-McCormack Lines*, 158 F.2d 631, 634 (2d Cir. 1946).)  The court in *Matarese*, however, did not discuss the federal common law claim of unjust enrichment but relied entirely on New York law.  Because neither party discusses the federal common law nor do they discuss the implication of applying various states' laws on unjust enrichment to this class action, the court questions whether such a claim is legally cognizable.  Nevertheless, because the Postal Service failed to move to dismiss the claim on this basis, the court must leave the resolution of this issue for a later date.

### III. Conclusion

For the reasons stated, the court GRANTS in part and DENIES in part the Postal Service's motion to dismiss (Dkt. # 39).

DATED this 23rd day of March, 2009.

JAMES L. ROBART
United States District Judge

ORDER – 12