UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE UNITED STATES POSTAL SERVICE PRIVACY ACT LITIGATION

CASE NO. MD08-1937JLR

ORDER ON MOTION TO DISMISS UNJUST ENRICHMENT CLAIM AND MOTION TO STRIKE

## I. INTRODUCTION

This matter comes before the court on the United States Postal Service's ("Postal Service") motion to dismiss Plaintiffs' unjust enrichment claim (Dkt. # 55) pursuant to Federal Rule of Civil Procedure 12(b), subsections (1) and (6); and on Plaintiffs' motion to strike (Dkt. # 58) portions of the Declaration of Richard W. Parlier ("Parlier Decl.") (Dkt. # 56). The court has reviewed the materials filed in support of and in opposition to the motions, and for the following reasons GRANTS Plaintiffs' motion to strike (Dkt. # 58) and GRANTS the Postal Service's motion to dismiss (Dkt. # 55). The court STRIKES paragraphs 3 to 13 of the Parlier Declaration and any references thereto in the Postal Service's briefing. The court DISMISSES the consolidated complaint against the Postal Service.

## II. BACKGROUND & ANALYSIS

This is a putative nationwide class action involving almost 800,000 Postal Service employees. The court previously set forth a more detailed description of the facts giving rise to this dispute in its March 23, 2009 order (the "March Order").[1] (Dkt. # 52.) Plaintiffs brought two causes of action against the Postal Service for allegedly disclosing the names and addresses of its employees to private businesses for the purpose of co-branding marketing. In its March Order, the court granted the Postal Service's first motion to dismiss Plaintiffs' Privacy Act claim but denied its motion to dismiss Plaintiffs' federal common law unjust enrichment claim.

As relevant to Plaintiffs' unjust enrichment claim, Plaintiffs assert in their consolidated complaint that the Postal Service has "received monies from private corporations who entered into co-branding or other marketing agreements with them, in exchange for the unlawful use of its employees' personal, private information." (Consol. Compl. (Dkt. # 35) ¶ 83.) Plaintiffs further claim that the Postal Service, having devised and adopted this scheme, had full knowledge of th[e] financial benefit (at the expense of its employees' privacy rights), and voluntarily accepted and retained such financial benefits," the retention of which is inequitable. (*Id.* at ¶¶ 84-85.) The Postal Service now moves to dismiss this remaining claim for unjust enrichment on the basis that this court lacks jurisdiction and, alternatively, that the court should not adopt a federal common law claim for unjust enrichment.

In its first motion to dismiss, the Postal Service contended that it was not subject to suit for an unjust enrichment claim because it had not waived its sovereign immunity. (First Mot. (Dkt. # 39) at 10.) The Postal Service subsequently conceded at oral

---

[1]The court incorporates the background section of its March Order herein.

argument, however, that Congress had waived its sovereign immunity when it enacted the Postal Reorganization Act ("PRA"). (*See* Tr. (Dkt. # 23) at 11.) The Postal Service now claims that Plaintiffs' unjust enrichment claim should be dismissed because (1) it is an improper challenge to a Postal Service regulation, *i.e.*, the "Strategic Business Initiatives Plan, Management Instruction - AS-333-2004-7," ("the Management Instruction"); (2) it arises out of Plaintiffs' employment relationship with the Postal Service; and (3) there is no clearly defined independent cause of action for unjust enrichment under federal common law. (Sec. Mot. (Dkt. # 55) at 1-2.) The Postal Service brings this motion pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Plaintiffs respond with a motion to strike part of the declaration of Richard Parlier, a Postal Service employee, on the basis that it incorporates evidence and allegations not contained in the consolidated complaint. (Sec. Resp. (Dkt. # 58) at 5.)

**A. Richard Parlier Declaration**

Plaintiffs move to strike paragraphs 3 to 13 of Mr. Parlier's declaration and the discussion in the Postal Service's memorandum in support of its motion referring to these paragraphs. (Parlier Decl., ¶¶ 3-13.) In addition to authenticating a copy of the Management Instruction, which is attached as Ex. A, Mr. Parlier's declaration also contains contested factual information regarding the Postal Service's practices when implementing the Management Instruction. (*Id.*) In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

According to Plaintiffs' consolidated complaint, the Postal Service's disclosure of its employees' person information is evidenced by the Postal Service's Strategic Business Initiatives Plan, Management Instruction - AS-333-2004-7, which is the postal regulation

that allows private businesses to access and utilize for profit the Postal Service's employee master file. (*Id.* at ¶ 8.) Based on Plaintiffs' heavy reliance on the Management Instruction in their consolidated complaint, the court incorporates it into the complaint by reference without converting the motion to one for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating that the court may consider documents outside the pleadings on a 12(b)(6) motion if they are incorporated by reference into the complaint or form the basis of the plaintiff's claims). Because Plaintiffs' consolidated complaint refers to the Management Instruction as the manner by which the Postal Services allows private businesses to access and utilize for profit its employee master file, (Consol. Compl. ¶ 8), the court considers the information contained therein in ruling on this motion to dismiss.[2]

The remaining discussion in Mr. Parlier's declaration is evidence outside the consolidated complaint and will not be considered by the court in ruling on this motion. *Swartz*, 476 F.3d at 763. Moreover, much of the Postal Service's factual background section relies on information that is inappropriate for the court to consider on a motion to dismiss. In addition to striking paragraphs 3 to 13 of the Parlier declaration, the court also strikes the portion of the Postal Service's motion that relies on the declaration found at 3:24 to 7:9. (*See* Dkt. ## 55, 56.)

---

[2] Plaintiffs request that the court also consider three agreements arising out of the Management Instruction: (1) the License and Affinity Bankcard Agreement with First USA Bank; (2) the License and Affinity Bankcard Agreement with Chase Bank USA; and (3) the Sprint Solutions Inc. Agreement. (Sec. Resp. (Dkt. # 58) at 7 n.19.) Although a closer question, because the Postal Service does not object to incorporating these agreements by reference, the court considers them in ruling on the motion to dismiss. (*See* Declaration of Kristin B. Johnson (Dkt. # 61 - filed under Seal) Exs. A-C.)

**B. Subject Matter Jurisdiction**

The court once again must determine whether it has subject matter jurisdiction over this lawsuit. In its first motion to dismiss, the Postal Service argued that this court did not have subject matter jurisdiction over the unjust enrichment claim because the Postal Service had not waived its sovereign immunity. (First Mot. at 10.) Subsequently, at oral argument, the Postal Service conceded that the court indeed had subject matter jurisdiction over the unjust enrichment claim because Congress had waived its sovereign immunity in the PRA. (Tr. at 11.) Now, in its second motion to dismiss, the Postal Service claims that it inaccurately told that the court that it had subject matter jurisdiction over this case when, in fact, it does not. (Sec. Mot. (Dkt. # 55) at 8.) The Postal Service correctly notes in this second motion that the defense of lack of subject matter jurisdiction cannot be forfeited or waived and is properly asserted at any time during the proceedings. (*Id.* (citing *Hill v. Blind Indust. & Serv. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999), and Fed. R. Civ. P. 12(h)(3).) The Postal Service now argues that the Management Instruction is a Postal Service regulation and therefore cannot be challenged in federal court and thus deprives this court of jurisdiction.

1. Determining Jurisdiction

A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986). "On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), [the Court] assume[s] the truth of all allegations

in the complaint." *Castaneda v. United States*, 546 F.3d 682, 684 n.1 (9th Cir. 2008). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). Ultimately, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

In Plaintiffs' consolidated complaint, they allege that this court has jurisdiction pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(5). (Consol. Compl. ¶ 17.) During briefing on the Postal Service's first motion to dismiss, Plaintiffs claimed that the court had jurisdiction pursuant to 39 U.S.C. § 409(a) ("Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."). Plaintiffs now assert that they intend to amend their consolidated complaint to revise the jurisdictional section to include jurisdiction under federal common law pursuant to 28 U.S.C. § 1331. (Sec. Resp. at 10 n.21 (citing § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States.")).) Although Plaintiffs' assertion of jurisdiction is an evolving one, the court's analysis of the Postal Service's challenge to this court's jurisdiction is the same regardless of the three bases asserted by Plaintiffs.

2. Judicial Review of Postal Service Regulation

The Postal Service contends that despite section 401(1) of the PRA, which provides that the Postal Service can "sue and be sued" and waives the immunity from suit it would otherwise have as a public entity, the congressional intent of the PRA was to preclude judicial oversight of Postal Service regulations. (Sec. Mot. at 9 (citing 39 U.S.C. §

401(1)).) The Postal Service argues that because the Management Instruction is defined as a Postal Service regulation, and Plaintiffs' claim for unjust enrichment is based on the execution of the Management Instruction, their claim must be barred by Congress's stated intent to exclude judicial review of the Postal Service's regulations. (Sec. Mot. at 9.) Plaintiffs do not address the question of congressional intent underlying the PRA but instead focus on whether their claim is a challenge to the Management Instruction or a challenge to the three agreements that arose out of the Management Instruction.

To begin, there is no dispute that the Management Instruction is defined as a Postal Service regulation. *See* 39 U.S.C. § 211.2(a)(3) ("the regulations of the Postal Service consist of . . . Management Instructions"). The purpose of the regulation is to "establish[] the policy and procedures to follow when the Postal Service enters into an agreement with a business firm to market a co-branded product or service to Postal Service employees via direct mail to their home addresses and via other internal employee communications vehicles." (Parlier Decl., Ex. A at 1.) With respect to the privacy protections afforded employees, the Management Instruction provides that "the employee master file must never be provided directly to a business firm. The employee master file will be provided to a third-party mailer for the specific purpose of the direct mail marketing initiative, under strict contract controls and a nondisclosure agreement." (*Id.* at 4.) The question before the court is whether the Postal Service is subject to suit based on its implementation of this policy or whether its sovereign immunity from suits based on its regulations remains intact.

The Postal Service correctly notes that the presumption of waiver of sovereign immunity can be overcome where the waiver would conflict with a "statutory scheme" or where "plain congressional intent" points toward a restrictive reading of the waiver. *See* *Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. 512, 517-18 (1984) (quoting *Fed.*

*Hous. Admin. v. Burr*, 309 U.S. 242, 245 (1940)); *see also Active Fire Sprinkler Corp. v. U.S. Postal Serv.*, 811 F.2d 747, 752 (2d Cir. 1987). The scope of a waiver of sovereign immunity can "only" be ascertained by reference to the underlying congressional intent. *Franchise Tax*, 309 U.S. at 521. Here, the Postal Service argues that the congressional intent of the PRA was to preclude judicial review of agency actions. The Postal Service relies on the PRA's provision that no federal law, including the Administrative Procedure Act, shall apply to the Postal Service's exercise of power. 39 U.S.C. § 410(a); *see also Pitney Bowes, Inc. v. U.S. Postal Service*, 27 F. Supp. 2d 15, 20 (D.D.C. 1998). The Postal Service's position is also supported by the Ninth Circuit's decision in *Currier v. Potter*, 379 F.3d 716 (9th Cir. 2004), wherein the court held that "[g]iven this statutory backdrop, we are satisfied that the PRA evinces Congress's general intent to withdraw judicial scrutiny of postal regulations." *Currier*, 379 F.3d at 725 (citing *Block v. Cmty. Nutrition Inst*., 467 U.S. 340, 349 (1984); *Ruff v. Hodel*, 770 F.2d 839, 840 (1985).)

In *Burr*, the Supreme Court explained that when Congress establishes an agency, such as the Postal Service, it authorizes the agency to engage in commercial and business transactions with the public, and permits it to "sue and be sued," it cannot be "lightly assumed that restrictions on that authority are to be implied." *Burr*, 309 U.S. at 245. "Rather if the general authority to 'sue and be sued' is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense." *Id.* Here, the Postal Service contends that there is a strong congressional intent in the PRA to foreclose a private right of action challenging Postal Service regulations. (Mot. at 10 (citing *Currier*, 379 F.3d at 724).) In *Currier*, the Ninth

Circuit upheld the district court's finding that claims challenging Postal Service regulations must be dismissed for lack of subject matter jurisdiction. *Id.* (citing *Currier v. Henderson*, 190 F. Supp. 2d 1221, 1227 (W.D. Wash. 2002).) Therefore, if this court determines that Plaintiffs' unjust enrichment claim is a challenge to a Postal Service regulation then the court must dismiss the claim for lack of subject matter jurisdiction.

Plaintiffs do not directly address *Currier* but attempt to get around its holding by explaining that they are not challenging the Management Instruction as a "regulation" but instead that they "challenge the unjust enrichment of the Postal Service through the performance of contracts that give significant consideration to the Postal Service for a benefit conferred unwittingly by its employees." (Sec. Resp. at 18.) "The manner by which the Postal Service has become enriched is beyond anything contemplated by Congress, the PRA, or even the terms of M[anagement Instruction] AS-333-2004-7." (*Id.*) Yet, Plaintiffs plead in their consolidated complaint that the Management Instruction was the operative regulation that permitted the Postal Service to enter into direct marketing agreements with private businesses:

> Despite the Defendant's acknowledgment and awareness of the importance of protecting its employees' personal, private information, and of the applicability of the Privacy Act to their use of such employee information, on June 24, 2004, the USPS put into effect Management Instruction (or "the Instruction") AS-333-2004-7, allowing private business interests to utilize protected employee data for direct marketing to employees at their homes and otherwise. The Instruction "establishes the policy and procedures to follow when the Postal Service enters into an agreement with a business firm to market a co-branded product or service to Postal Service employees via direct mail to their home addresses and via other internal employee communications vehicles."

(Consol. Compl. ¶ 48.) The court is persuaded that the distinction between a claim arising out of the implementation of the Management Instruction and a claim arising out of the Management Instruction itself is not sufficient to take Plaintiffs' unjust enrichment claim out of the ambit of a challenge to a Postal Service regulation.

Plaintiffs next point out that the Postal Service's regulation, *i.e.*, the Management Instruction, enriched no one; rather, it was the unjust enrichment from the performance of the co-branding contracts that is at the heart of their complaint. (Sec. Resp. at 19.) But the Postal Service's performance of the agreements is done pursuant to the Management Instruction, incorporated into the Postal Service regulations at 39 C.F.R. § 211.2(a)(3). The court finds Plaintiffs' attempt to circumvent the prohibition against challenging a Postal Service regulation by contending that they are not challenging the regulation itself, but the profits received from enacting the regulation, to amount to a distinction without a difference. The core of Plaintiffs' claim against the Postal Services is its enactment and implementation of the Management Instruction. Accordingly, the court concludes that Plaintiffs' claim of unjust enrichment is a direct challenge to the Postal Service's Management Instruction – the regulation granting it authority to enter into the co-branding agreements – and therefore there is no waiver of the Postal Service's sovereign immunity for this remaining claim. Accordingly, the court concludes that it does not have jurisdiction to adjudicate Plaintiffs' unjust enrichment claim based on a Postal Service regulation.[3]

---

[3] Plaintiffs also contend that the fact that at least one of the three co-branding agreements was entered into before the Postal Service adopted the applicable Management Instruction exemplifies that their claim is based on the agreements and not the Management Instruction. (Sec. Resp. at 18-19.) Yet, even considering the one agreement not entered into pursuant to the authority granted in the Management Instruction, Plaintiffs' argument for an unjust enrichment, as well as much of the Plaintiffs' consolidated complaint, focuses not on any particular agreement but on the fact that the Postal Service adopted and devised a scheme – evidenced by the Management Instruction – for financial gain at the expense of its employees. (*See e.g.*, Consol. Compl. ¶¶ 8,48-50.) Therefore, the court does not find that the predecessor agreement for co-branding changes its analysis.

## III. Conclusion

For the reasons stated, the court GRANTS Plaintiffs' motion to strike (Dkt. # 58) and GRANTS the Postal Service's motion to dismiss (Dkt. # 55). The court DISMISSES Plaintiffs' complaint against the Postal Service.

DATED this 25th day of August, 2009.

JAMES L. ROBART
United States District Judge